UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SERGIO RUIZ** : <br> 5855 PLUM HOLLOW DRIVE, APT. 20 : <br> YPSILANTI, MI 48197 : | No. |
| *Plaintiff* : | |
| -vs.- : | |
| **MYRON E. GREEN** : <br> 75 CLINTON AVENUE, APT 7G : <br> NEWARK, NJ 07114 : | |
| -AND- : | |
| **MYRON'S EXPRESS** : <br> **TRANSPORTATION LLC** : <br> 3714 SOUTH VILLAGE DRIVE : <br> AVENAL, NJ 07001 : | |
| *Defendants* : | |

## CIVIL ACTION COMPLAINT

Plaintiff, Sergio Ruiz, by and through his attorneys, Rodden Rodden & Breslin, brings this cause of action against the above-named Defendants, and in support thereof, states the following:

### I. PARTIES

1. Plaintiff, Sergio Ruiz, is an adult individual who resides at the captioned above address and, at all times material hereto, was an individual involved in the motor vehicle collision hereinafter described.

2. Defendant, Myron E. Green, is an adult individual who resides at the captioned above address and, at all times material hereto, was an individual involved in the motor vehicle collision hereinafter described.

3.     Defendant, Myron's Express Transportation, LLC is a business for profit which is registered as a foreign corporation in the Commonwealth of Pennsylvania and has a principal place of business at the above captioned address.

4.     At all times relevant hereto, Defendant, Myron E. Green, was acting as an agent, employee, servant, workman, representative, and/or under the direction, of Defendant, Myron's Express Transportation, LLC.

## II.     JURISDICTION AND VENUE

5.     Jurisdiction in this matter is premised upon 28 USC Section 1332(a)(2) in that the parties are citizens of a different state and subjects of a foreign state and the amount in controversy exceeds the sum of $75,000.00.

6.     Venue is proper in this Court pursuant to 28 USC Section 1391 in that the events giving rise to this claim occurred in this district.

## III.     FACTURAL AVERMENTS

7.     At all times relevant hereto, Defendant, Myron E. Green, owned, operated, possessed, controlled, and/or maintained a 2019 Cascadia 126 Freightliner tractor trailer, VIN #1FUJHHDR2KLKN8440, bearing USDOT Number #04055694, which was owned, rented, leased, and/or was otherwise under the control of, at the direction of, and entrusted to Defendant, Myron E. Green, by, Defendant, Myron's Express Transportation, LLC.

8.     At all times relevant hereto, Defendant, Myron E. Green, was operating the above-described tractor trailer in the course and scope of his employment with, and for the business purposes of, Defendant, Myron's Express Transportation, LLC.

9.     On or about March 1, 2024, at approximately 08:13AM, Defendant, Myron E. Green, was operating above-described tractor trailer in the parking lot of 226 Lincoln Highway

North, in Falls Township, Pennsylvania with such negligence, carelessness, and recklessness that, when attempting to pull out of a parking space, he failed to pay attention to his surroundings, disregarded traffic signals and patterns, and, suddenly and without warning, violently collided with a parked vehicle in which Plaintiff, Sergio Ruiz, was asleep and unrestrained.

10. The aforesaid collision, resulting injuries, and damages were caused solely by the negligence, carelessness, and recklessness of Defendants, individually, jointly, and/or severally, and was in no manner caused by any act or failure to act on the part of Plaintiff.

11. At all times material hereto, the aforesaid negligent conduct of Defendant, Myron E. Green, occurred within the scope of his employment with Defendant, Myron's Express Transportation, LLC and was done in furtherance of the business interests of Defendant, Myron's Express Transportation, LLC

12. At all times material hereto, Defendant, Myron's Express Transportation, LLC, is vicariously liable for the negligent, reckless, and careless conduct of its agents, servants, workmen, employees, representatives, and/or independent contractors, including but not limited to, Defendant, Myron E. Green.

13. At all times material hereto, Defendant, Myron's Express Transportation, LLC, did not road test and/or train Defendant, Myron E. Green, on the safe operation of a tractor trailer.

14. At all times material hereto, Defendant, Myron's Express Transportation, LLC, placed an unqualified, untrained, and inexperienced driver behind the wheel, with a negligent and careless disregard for the safety of the public, including Plaintiff.

15. Upon information and belief, Defendant, Myron's Express Transportation, LLC was made aware of the aforesaid prior conduct and failed to take any action against Defendant, Myron E. Green, and permitted and/or allowed him to continue driving upon the road at a great

risk to others, like Plaintiff, in furtherance of its own business interests.

16. Upon information and belief, Defendant, Myron's Express Transportation, LLC, knew or should have known of the aforesaid propensities of misconduct of Defendant, Myron E. Green, and, nevertheless, hired him and/or failed to train him, thereby exposing Plaintiff to danger.

17. Upon information and belief, Defendant, Myron's Express Transportation, LLC, failed to terminate Defendant, Myron E. Green, after learning of the aforesaid dangerous tenancies.

18. Upon information and belief, Defendant, Myron's Express Transportation, LLC, knew or should have known of a need to supervise Defendant, Myron E. Green, and failed to do so thereby exposing Plaintiff to danger.

19. Solely as a result of the aforesaid negligence, carelessness, and recklessness of Defendants, Plaintiff has been rendered sick, sore, lame, and prostrate and has sustained multiple injuries to his head, neck, back, and spine including but not limited to multiple lumbar disc herniations with radiculopathies, disc bulges in the lumbar spine causing canal stenosis, and lumbago with sciatica, all of which have resulted in, or will result in, surgical intervention to repair.

20. As a direct and proximate result of the aforesaid negligence, recklessness, and/or carelessness of Defendants, Plaintiff has suffered internal injuries of an unknown nature, has suffered severe aches, pains, mental anxiety and anguish and a severe shock to his entire nervous system and other injuries the full extent of which is not yet known.

21. As a direct and proximate result of the aforesaid negligence, recklessness, and/or carelessness of Defendants, Plaintiff sustained an aggravation and/or exacerbation of injuries both known and unknown.

22. As a direct and proximate result of the aforesaid negligence, recklessness, and/or carelessness of Defendants, Plaintiff has in the past and will in the future undergo severe pain and

is unable to attend to his usual duties and occupation, all to his great financial detriment and loss.

23. As a direct and proximate result of the negligence, recklessness, and/or carelessness of Defendants, Plaintiff has been compelled to effectuate a cure for the aforesaid injuries, to expend large sums of money for medicine and medical attention and may be required to expend additional sums for the same purpose in the future.

24. As a direct and proximate result of the negligence, recklessness, and/or carelessness of Defendants, Plaintiff has been prevented from attending to his usual daily activities and duties and may be so prevented for an indefinite period of time in the future, all to their great detriment and loss.

25. As a direct and proximate result of the negligence, recklessness, and/or carelessness of Defendants, Plaintiff has suffered physical pain and mental anguish and humiliation and may continue to suffer same for an indefinite period of time in the future.

26. As a direct and proximate result of negligence, recklessness, and carelessness of Defendants, Plaintiff has suffered loss of wages and future earning capacity.

## COUNT I
### NEGLIGENCE
### PLAINTIFF, SERGIO RUIZ V. DEFENDANT, MYRON E. GREEN

27. Plaintiff, Sergio Ruiz, incorporates by reference hereto, all of the allegations contained in the above paragraphs as though same were set forth fully at length herein.

28. The collision was caused solely by the negligence and carelessness of Defendants, including Defendant, Myron E. Green, and consisted of but was not necessarily limited to the following:

(a) Failing to keep a proper lookout;

(b) Failing to have said tractor trailer in proper and adequate control at all times;

(c) Operating said tractor trailer in a careless manner, without regard to the rights and safety of those lawfully upon the road;

(d) Failing to exercise due and proper care;

(e) Failing to make proper observations;

(f) Failing to yield to motorists lawfully upon the road;

(g) Failing to yield the right of way;

(h) Operating said motor vehicle while distracted;

(i) Failing to adequately, sufficiently, and properly clear traffic to ensure it was safe to continue proceeding;

(j) Operating the tractor trailer at a rate of speed that was too fast for conditions, that was dangerous and excessive under the circumstances;

(k) Violating the "assured clear distance ahead" rule;

(l) Failing to apply his brakes earlier to stop the tractor trailer to avoid the subject motor vehicle collision;

(m) Failing to remain continually alert while operating the tractor trailer;

(n) Failing to perceive the highly apparent danger to the monitoring public, specifically, including Plaintiff, which his actions and/or inactions posed;

(o) Operating the tractor trailer with disregard for the rights of Plaintiff, even though he was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him;

(p) Failing to exercise and adhere to proper safe and defensive driving practices as set forth in his/her driver training and/or required by applicable state and/or Federal Motor Carrier Safety Regulations;

(q) Driving while above the hours of service allotted by applicable state and Federal Motor Carrier Regulations and/or otherwise fatigued;

(r) Operating a truck and tractor trailer that was in violation of Part 391, 393, and 396 of the FMCSR and the Pennsylvania statutes found in section 231.7;

(s) Failing to keep a log book;

(t) Failing to property report the results of the pre-trip inspection in violation of 49 CFR 396.11;

    (u) Operating a commercial vehicle without a commercial driver's license;

    (v) Operating an overweight commercial vehicle;

    (w) Violating the commercial driver's license manual Section 2.4.1.0 Seeing Ahead;

    (x) Driving while distracted;

    (y) Driving while texting and/or otherwise using a hand-held device; and/or

    (z) Failing to operate said commercial truck in compliance with applicable state and local laws and ordinances pertaining to the operation and control of motor vehicles including violations of Pennsylvania Motor Vehicle Code Sections 3303, 3309, 3310, 3361, 3702, and 3714, .

29. As a direct and proximate result of the aforesaid negligence of all Defendants, Plaintiff has suffered severe and permanent injuries to his body, as set forth previously herein.

30. As a direct and proximate result of the aforesaid negligence of all Defendants, Plaintiff is entitled to recover economic and non-economic damages, as set forth previously herein.

**WHEREFORE**, Plaintiff, Sergio Ruiz, demands judgment against all Defendants individually, jointly, and/or severally, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, together with cost of suit, pre and post judgment interest, and any and all such other relief as this Honorable Court deems just and appropriate.

**COUNT II**
**NEGLIGENT HIRING, RETENTION, TRAINING, SUPERVISION AND ENTRUSTMENT**
**PLAINTIFF, SERGIO RUIZ V. DEFENDANT, MYRON'S EXPRESS TRANSPORTATION, LLC**

31. Plaintiff, Sergio Ruiz, incorporates by reference hereto, all of the allegations contained in the above paragraphs as though same were set forth fully at length herein.

32. Defendant Myron's Express Transportation, LLC, as a matter of policy and practice fails to discipline, train or otherwise sanction its agents, servants, workmen, employees, and/or independent contractors in the appropriate practices, policies and procedures in the fair and safe operation of a motor vehicle in the Commonwealth of Pennsylvania.

33. Defendant, Myron's Express Transportation, LLC, caused the aforementioned injuries and damages to the Plaintiff as described in this Civil Action Complaint in violation of Plaintiff's rights as follows:

(a) Failing to properly train, and/or establish proper training policies;

(b) Failing to exercise proper care and/or supervision over and/or establish proper monitoring and supervision policies for their agents, servants, employees, workmen, and/or independent contractors, including Defendant, Myron E. Green;

(c) Negligently hiring, training, supervising and or retaining Defendant's employees and/or agents;

(d) Failing to implement and/or enact policies and procedures against inattentive driving;

(e) Failing to observe and/or enforce state, federal and/or local laws and/or regulations with regards to Plaintiff;

(f) Failing to enact policies and/or procedures to ensure that Plaintiff and other persons in situations similarly would not be injured;

(g) Ignoring and/or acting with the deliberate indifference to Plaintiff's health, safety and/or welfare;

(h) Failing to exercise reasonable care in the selection or training of its employees, including Defendant, Myron E. Green;

(i) Failing to implement and/or enact policies and procedures against distracted driving;

(j) Permitting Defendant Green to operate a truck and tractor trailer that was in violation of Part 391, 393, and 396 of the FMCSR and the Pennsylvania statutes found in section 231.7;

(k) Failing to implement and/or enact policies and procedures against the use of a cell phone while operating a motor vehicle in the Commonwealth of Pennsylvania;

(l) Failing to implement and/or enact policies and procedures against unlawful reliance against cell phone and/or GPS technology which renders drivers of motor vehicles inattentive to the rules of the road;

(m) Hiring Defendant, Myron E. Green, when Defendant, Myron's Express Transportation, LLC, knew or should have known that he had a

propensity for misconduct and exposed those upon the road, including Plaintiff, to danger;

(n) Hiring Defendant, Myron E. Green, when Defendant, Myron's Express Transportation, LLC, knew or should have known that he had been involved in and/or caused prior motor vehicle collisions;

(o) Failing to supervise Defendant, Myron E. Green, when Defendant Myron's Express Transportation, LLC, knew or should have known that it needed to supervise him thereby exposing Plaintiff to Defendant Green's behavior;

(p) Unreasonably setting and assigning Defendant, Myron E. Green, a route that was too tight/aggressive for him to perform without hurrying and/or rushing to complete said route;

(q) Permitting its employee to operate a commercial vehicle without the required commercial driver's license;

(r) Permitting its employee to operated an overweight commercial vehicle;

(s) Permitting Defendant Green to operate a tractor trailer in violation of hours and service regulations, 49 CFR 395.3;

(t) Permitting Defendant Green to operate a tractor trailer when too tired to do so safely in violation of 49 CFR 392.3;

(u) Failing to adequately supervise the driver's work schedule and/or accident history;

(v) Failing to have effective procedures in place to monitor Defendant Green's hours with knowledge that hours of service regulations are in place to protect the public from harm;

(w) Providing a work schedule to the Defendant Green which required Defendant Green to operate his motor vehicle in excess of the speed prescribed by the rules of the road in violation of 49 CFR 392.6;

(x) Filing to complete a driver employment application for Defendant, Myron E. Green, that met the requirements of local, state, and/or federal laws, regulations, and statutes;

(y) Failing to complete inquiries to past employers of Defendant, Myron E. Green, to verify employment and safety information as well as failed drug and alcohol testing;

(z) Failing to complete a driver road test, driver physical, Certificate of Violations, and Certificate of Qualifications;

(aa)   Failing to obtain a copy of the state driving record of Defendant Green;

(bb)   Allowing and/or directing Defendant, Myron E. Green, to operate the Subject Truck while he was fatigued; and

(cc)   Failing to warn the motoring public, including Plaintiff, that it knew or in the existence of due care and diligence should have known, that plaintiff would be exposed to Defendant, Myron E. Green's, negligent and/or careless operation of the commercial truck.

34.   As a direct and proximate result of the aforesaid negligence of all Defendants, Plaintiff has suffered severe and permanent injuries to his body, as set forth previously herein.

35.   As a direct and proximate result of the aforesaid negligence of all Defendants, Plaintiff is entitled to recover economic and non-economic damages, as set forth previously herein.

**WHEREFORE**, Plaintiff, Sergio Ruiz, demands judgment against all Defendants individually, jointly, and/or severally, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, together with cost of suit, pre and post judgment interest, and any and all such other relief as this Honorable Court deems just and appropriate.

## COUNT III
### RESPONDEAT SUPERIOR
### PLAINTIFF, SERGIO RUIZ V. DEFENDANT, MYRON'S EXPRESS TRANSPORTATION, LLC

36.   Plaintiff, Sergio Ruiz, incorporates by reference hereto, all of the allegations contained in the above paragraphs as though same were set forth fully at length herein.

37.   The negligence, carelessness, and/or recklessness on the part of Defendant, Myron E. Green, detailed in Count I, above, occurred while Defendant, Myron E. Green, was acting at all relevant times within the course and scope of his agency and/or employment with Defendant, Myron's Express Transportation, LLC, and was the direct and proximate cause of the above-described motor vehicle collision and proximately resulting injuries and damages sustained by Plaintiff.

38. As such, Defendant Myron's Express Transportation, LLC is vicariously liable under the doctrine of respondeat superior result for the negligence and/or careless conduct of Defendant, Myron E. Green, in causing the above-described motor vehicle collision and proximately resulting injuries and damages sustained by Plaintiff.

39. As a direct and proximate result of the aforesaid negligence of Defendants, Plaintiff has suffered serious, severe, and permanent injuries to his body, as set forth previously herein.

40. As a direct and proximate result of the aforesaid negligence of Defendants, Plaintiff is entitled to recover economic and non-economic damages, as set forth previously herein.

**WHEREFORE**, Plaintiff, Sergio Ruiz, demands judgment against all Defendants individually, jointly, and/or severally, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, together with cost of suit, pre and post judgment interest, and any and all such other relief as this Honorable Court deems just and appropriate.

*RODDEN RODDEN & BRESLIN*

BY: /S/ *ANDREW J. VAN WAGNER*
ANDREW J. VAN WAGNER, ESQUIRE
ATTORNEY FOR PLAINTIFF

BY: /S/ *PATRICK R. INFANTI*
PATRICK R. INFANTI, ESQUIRE
ATTORNEY FOR PLAINTIFF

DATE: FEBRUARY 23, 2026

## **VERIFICATION**

I, Andrew J. Van Wagner, Esq., hereby certify that I am the attorney for the Plaintiff in the within civil action lawsuit, and that the statements contained in the attached Civil Action Complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsifications to authorities.

_____
Andrew J. Van Wagner, Esq.

Date: February 23, 2026